# Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| JONATHAN TORRES, CHRISTINE JACKSON, DONALD JACKSON, ASHLEY MCCONNELL, ROXANNE GANT, GERALD THOMAS, and CORY BEADLES, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WENDY'S INTERNATIONAL, LLC,<br><br>　　　　　Defendant. | CASE NO.　6:16-cv-210-PGB-DAB |

**DEFENDANT WENDY'S INTERNATIONAL LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Wendy's International, LLC ("Wendy's") hereby responds and objects to Plaintiffs Jonathan Torres, Christine Jackson, Donald Jackson, Ashley McConnell, Roxanne Gant, Gerald Thomas, and Cory Beadles' First Set of Requests for Production of Documents to Wendy's (the "Requests") and states as follows:

**OBJECTION TO DISCOVERY**

Wendy's objects to the Requests and any other discovery on the grounds that it is premature given Wendy's Motion to Stay Discovery. By serving these responses and objections, Wendy's does not waive, but rather preserves, all rights, defenses, and arguments to challenge the Requests and all other discovery as premature for the reasons set forth in Wendy's Motion to Stay Discovery.

**OBJECTIONS TO THE REQUESTS' DEFINITIONS**

1.　Wendy's objects to Definition Number 3 because the definition of "Customer Identifying Information" is overbroad and vague. Wendy's will construe the term to refer to sensitive customer information.

2.      Wendy's objects to Definition Number 13 because it is overbroad and encompasses Wendy's restaurants that are unaffected by the Data Breach. Unless specifically indicated otherwise, Wendy's will construe the term to refer to Wendy's restaurants affected by the Data Breach. Wendy's also objects to producing documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control.

3.      Wendy's objects to the definition of "Wendy's," "Wendy's International, LLC," "Defendant," "you," and "your" to the extent Plaintiffs purport to include Wendy's independently owned and operated franchisees. In addition, Wendy's objects to this definition as overbroad and vague and ambiguous because it also purports to include "related entities."

4.      Wendy's objects to the definition of "Retail Outlets" to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees, which are outside of Wendy's possession, custody, or control.

## OBJECTIONS TO THE REQUESTS' INSTRUCTIONS

1.      Wendy's objects to Instruction Number 1 because it is drafted so broadly so as to purport to require Wendy's to produce documents outside of its possession, custody, or control. Wendy's will only produce documents within its possession, custody, or control consistent with the Federal Rules of Civil Procedure.

2.      Wendy's objects to Instruction Number 2 because it is not proportional to the needs of the case. Wendy's will produce relevant, non-privileged, non-objectionable documents consistent with the requirements set forth in the parties' ESI Protocol. *See* ECF No. 69.

3.      Wendy's objects to Instruction Number 6 because it is not proportional to the needs of the case. Wendy's will produce relevant, non-privileged, non-objectionable documents consistent with the requirements set forth in the parties' ESI Protocol. *See* ECF No. 69.

4. Wendy's objects to Instruction Number 8 because it is overbroad, unduly burdensome, not proportional to the needs of the case, and inconsistent with the requirements of the Federal Rules of Civil Procedure because it purports to require Wendy's to produce documents that are neither relevant nor responsive to the Requests. Consistent with the Federal Rules of Civil Procedure, Wendy's will produce non-privileged, non-objectionable documents in its possession custody, or control to the extent responsive to these Requests.

5. Wendy's objects to Instruction Number 9 because it is unduly burdensome. Wendy's will comply with the requirements set forth in the parties' ESI Protocol in the event it produces a document with redactions. *See* ECF No. 69.

6. Wendy's objects to Instruction Number 10 because it is unduly burdensome, not proportional to the needs of this case, and inconsistent with the Federal Rules of Civil Procedure. To the extent that documents are withheld or redacted on the grounds of privilege or attorney work product, Wendy's will identify the author, recipient(s), data, Bates number, subject/title, privilege and/or doctrine relied upon, and provide a description of the document and/or document family by type and content consistent with the requirements of the Federal Rules of Civil Procedure.

## OBJECTIONS TO THE REQUESTS' RELEVANT TIME PERIOD

1. Wendy's objects to producing documents for the period of January 27, 2015, to the present on the grounds that producing documents to the present is overbroad, unduly burdensome, and inconsistent with the proportionality requirements of Federal Rule of Civil Procedure 26. Wendy's will meet and confer with Plaintiffs to negotiate a reasonable end date. For purposes of these responses and objections, Wendy's will define the Relevant Time Period as January 27, 2015, through the end date to be negotiated by the parties. Unless expressly stated otherwise, Wendy's will search for and produce non-privileged, non-objectionable responsive documents for the

3

Relevant Time Period (i.e., January 27, 2015, through a reasonable end date to be negotiated by the parties). Moreover, Wendy's objects to producing documents "that relate to such time period" or are "necessary for a correct or complete understanding" on the grounds that it is unduly burdensome and vague. In addition, Wendy's objects to producing undated documents that Wendy's in good faith believes are outside of the Relevant Time Period.

### RESPONSES AND OBJECTIONS TO PLAINTIFFS' DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** *Documents regarding Plaintiffs.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Wendy's objects to this Request as overbroad, unduly burdensome, and inconsistent with the proportionality requirements of Federal Rule of Civil Procedure 26 because it purports to require Wendy's to produce documents pertaining to the Plaintiffs that, to the extent they exist, have nothing to do with the substance of the claims asserted in the Complaint. Wendy's also objects to producing documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. In addition, Wendy's objects to this Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents responsive to this Request concerning Plaintiffs to the extent that they relate to the Data Breach.

**REQUEST FOR PRODUCTION NO. 2:** *Documents sufficient to identify the Wendy's retail outlets subject to the Data Breach and the dates those retail outlets were subject to the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Wendy's objects to this Request as unduly burdensome because the information requested is publicly available (https://payment.wendys.com/paymentcardcheck.html). Wendy's also objects on the grounds that

4

the term "Retail Outlets" is vague and ambiguous. Wendy's further objects to the extent this Request purports to require Wendy's to produce documents protected from disclosure by the attorney-client privilege and/or the work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce documents sufficient to identify the restaurants potentially affected (including the dates potentially affected) by the Data Breach.

**REQUEST FOR PRODUCTION NO. 3:** *Documents sufficient to identify the customers whose data was accessed and/or accessible by third parties (i.e., persons or entities other than Plaintiffs or Defendant) in connection with the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Wendy's objects to this Request to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. Wendy's also objects to the use of the terms "customers," "accessed," and "accessible" on the grounds that they are vague and ambiguous and overly broad and unduly burdensome. Wendy's further objects to the extent this Request purports to require Wendy's to produce documents protected from disclosure by the attorney-client privilege and/or the work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's is unaware at present that any documents responsive to this Request exist.

**REQUEST FOR PRODUCTION NO. 4:** *Documents sufficient to identify the data and/or types of data that was/were accessed and/or accessible by third parties (i.e., persons or entities other than Plaintiffs or Defendant) in connection with the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Wendy's objects to this Request to the extent it purports to require Wendy's to produce documents outside of its possession, custody, or control. Wendy's also objects to the use of the terms "customers," "accessed," and "accessible" on the grounds that they are vague and ambiguous and overly broad and unduly burdensome.

5

Wendy's further objects to the extent this Request purports to require Wendy's to produce documents protected from disclosure by the attorney-client privilege and/or the work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents sufficient to identify the categories of customer information potentially affected by the Data Breach.

**REQUEST FOR PRODUCTION NO. 5:** *Documents regarding Defendant's policies and procedures concerning Internet security, point-of-sale ("POS") system security, computer security, and/or the protection of customer data, including the policies and procedures required of, applicable to, and/or implemented by Defendant's retail outlets.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Wendy's objects to this Request because the phrases "Internet security," "computer security," and "the protection of customer data" are not defined and are vague and ambiguous. Wendy's also objects to this Request as overbroad and unduly burdensome because it purports to require the production of *all* documents *regarding* policies and procedures *concerning* "Internet security, point-of-sale ("POS") system security, computer security, and/or the protection of customer data . . . ." Wendy's further objects to producing documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. In addition, Wendy's objects to this Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or the work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce relevant policies and procedures concerning data security and protecting sensitive customer information. Wendy's will also produce non-privileged, non-objectionable documents sufficient to show Wendy's requirements regarding the franchisee point-of-sale system potentially impacted by the Data Breach. Finally, Wendy's will produce non-privileged, non-objectionable documents

6

responsive to this Request identified after applying agreed upon search terms to a reasonable data set.

**REQUEST FOR PRODUCTION NO. 6:** *Documents regarding the disclosure of the Data Breach to Wendy's retail outlets, the public, affected persons and entities, insurance companies, or other persons or entities outside of Wendy's.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Wendy's objects to this Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or the work product doctrine, which will be withheld. Wendy's also objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of this case because, among other reasons, it purports to require Wendy's to produce all documents "regarding" the disclosure of the Data Breach to any "other persons or entities outside of Wendy's." Moreover, Wendy's objects to producing documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. In addition, Wendy's also objects to this Request on the grounds that it is unduly burdensome because it seeks publicly available information, such as Wendy's public statements regarding the Data Breach. Wendy's further objects to the term "retail outlets" and "affected persons and entities" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Wendy's will produce documents sufficient to show all non-privileged, non-objectionable documents provided by Wendy's to third-parties concerning the Data Breach.

**REQUEST FOR PRODUCTION NO. 7:** *Documents regarding Defendant's response to the Data Breach, including Documents addressing improvements to computer, Internet, or POS security systems; anti-hacking protection; and/or the protection of customer data subsequent to the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Wendy's objects to this Request as overbroad, unduly burdensome, and inconsistent with the proportionality requirements of Federal

7

Rule of Civil Procedure 26 because it purports to require the production of significant volumes of data with limited, if any, relevance to Plaintiffs' claims. Moreover, Wendy's objects to producing documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. Wendy's also objects to this Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents responsive to this Request identified after applying agreed upon search terms to a reasonable data set.

**REQUEST FOR PRODUCTION NO. 8:** *Documents regarding potential unusual payment card activity reported to Wendy's by its payment industry contacts to the extent those reports related to, were potentially related to, or led to the discovery of the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Wendy's objects to the terms "unusual payment card activity" and "payment industry contacts" as vague and ambiguous. Wendy's also objects to producing documents in response to this Request that Wendy's is prohibited from producing as a result of confidentiality or other obligations to any third parties, governmental agency, regulatory agency, or law enforcement agency. Moreover, Wendy's objects to producing documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. Wendy's further objects to this Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce documents received from its payment card processor concerning the Data Breach.

**REQUEST FOR PRODUCTION NO. 9:** *Documents regarding Wendy's response to and investigation of the Data Breach, including communications with and Documents prepared by investigators, third-party forensic experts, industry experts, and law enforcement.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Wendy's objects to producing documents in response to this Request that Wendy's is prohibited from producing as a result of confidentiality or other obligations to any third parties, governmental agency, regulatory agency, or law enforcement agency. Moreover, Wendy's objects to producing documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. Wendy's further objects to this Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, and subject to any third-party notification requirements, Wendy's will produce the final versions of reports issued by the payment card industry forensic investigator concerning the Data Breach.

**REQUEST FOR PRODUCTION NO. 10:** *Documents regarding the malware, software, virus, or other technology responsible for, resulting in, or used in connection with the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Wendy's objects to producing documents in response to this Request that Wendy's is prohibited from producing as a result of confidentiality or other obligations to any third parties, governmental agency, regulatory agency, or law enforcement agency. Moreover, Wendy's objects to producing documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. Wendy's also objects to the Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, and subject to any third-party notification requirements, Wendy's will produce the final versions of reports issued by the payment card industry forensic investigator concerning the Data Breach.

**REQUEST FOR PRODUCTION NO. 11:** *Documents regarding the names, locations, IP addresses, MAC addresses, or other identifying or partially-identifying information of the third party or parties (i.e., persons or entities other than Plaintiffs or Defendant) who accessed and/or were able to access customer data in connection with the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Wendy's objects this Request because it seeks information that is outside of Wendy's possession, custody, or control. Wendy's also objects to this Request because it is not proportional to the needs of this case. In addition, Wendy's objects to producing documents in response to this Request that Wendy's is prohibited from producing as a result of confidentiality or other obligations to any third parties, governmental agency, regulatory agency, or law enforcement agency. Moreover, Wendy's objects to producing documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. Wendy's also objects to the Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, and subject to any third-party notification requirements, Wendy's will produce the final versions of reports issued by the payment card industry forensic investigator concerning the Data Breach.

**REQUEST FOR PRODUCTION NO. 12:** *Documents sufficient to identify Defendant's computer security, Internet security, POS security, and/or data security systems, including the systems used by Defendant's retail outlets.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Wendy's objects to this Request because the terms "computer security," "Internet Security," "POS security," and "data security systems" are not defined and are vague and ambiguous. Wendy's also objects to producing

10

documents maintained by independently owned and operated franchisees because they are outside of Wendy's possession, custody, or control. In addition, Wendy's objects to this Request as overbroad, unduly burdensome, and inconsistent with the proportionality requirements of Federal Rule of Civil Procedure 26 because it is not limited to the computer systems that were affected by the Data Breach and form the subject matter of the Complaint. Wendy's also objects to the Request to the extent it purports to require the production of documents protected by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents responsive to this Request identified after applying agreed upon search terms to a reasonable data set.

**REQUEST FOR PRODUCTION NO. 13:** *Documents regarding POS systems and vendors actually used by Wendy's retail outlets and/or approved by Wendy's for use at its retail outlets.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Wendy's objects to this Request as overbroad, unduly burdensome, and inconsistent with the proportionality requirements of Federal Rule of Civil Procedure 26 because it seeks *all* documents *regarding* "POS systems and vendors actually used by Wendy's retail outlets and/or approved by Wendy's for use at its retail outlets" and regardless of whether those POS systems were affected by the Data Breach. Wendy's also objects to this Request to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees, which are outside of Wendy's possession, custody, or control. Wendy's further objects to the Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents responsive to this Request following the application of agreed upon search terms to a reasonable data set.

**REQUEST FOR PRODUCTION NO. 14:** *Documents sufficient to identify the persons or entities responsible for Wendy's (including its retail outlets') computer, Internet, POS system, and/or data security, including Wendy's employees, Wendy's departments, vendors, and/or other third parties.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Wendy's objects to this Request as overbroad and unduly burdensome because it is not limited to the systems potentially impacted by the Data Breach. Wendy's also objects to this Request to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees, which are outside of Wendy's possession, custody, or control. Wendy's further objects to the extent that this Request purports to require the production of documents protected by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents sufficient to identify the persons and/or entities with responsibility for data security, including POS system security.

**REQUEST FOR PRODUCTION NO. 15:** *Documents sufficient to identify the Wendy's employees responsible for responding to the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Wendy's objects to this Request because the phrase "responsible for responding to the Data Breach" is vague and ambiguous. Wendy's further objects to the extent that this Request purports to require the production of documents protected by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents sufficient to identify the members of Wendy's Incident Response Team.

**REQUEST FOR PRODUCTION NO. 16:** *Documents sufficient to identify any third party retained by Wendy's to assess, respond to, and/or ameliorate the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** Wendy's objects to this Request to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees, which are outside of Wendy's possession, custody, or control. Wendy's also objects to the extent that this Request purports to require the production of documents protected by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents to the extent they exist responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:** *Documents regarding, or sufficient to identify, the nature of the relationship between Defendant and the retail outlets subject to the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Wendy's objects to the phrases "nature of the relationship" and "retail outlets" as vague and ambiguous. Wendy's further objects to the extent that this Request purports to require the production of documents protected by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents sufficient to show the relationship between potentially impacted franchisees and Wendy's.

**REQUEST FOR PRODUCTION NO. 18:** *Documents regarding actual or potential harm to Defendant's customers resulting from the Data Breach or Defendant's response to the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Wendy's objects to this Request to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees, which are outside of Wendy's possession, custody, or control. Wendy's also objects to this Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld. Wendy's also objects because the phrase "Defendant's response to the Data Breach" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents responsive to this Request to the extent that they exist.

**REQUEST FOR PRODUCTION NO. 19:** *Documents regarding Defendant's assessment, evaluation, or estimate of the number of customers that have suffered, or are likely to suffer, fraud, identity theft, or other harm as a result of the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Wendy's objects to this Request to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees, which are outside of Wendy's possession, custody, or control. Wendy's also objects to this Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents responsive to this Request to the extent that they exist.

**REQUEST FOR PRODUCTION NO. 20:** *Documents regarding Defendant's assessment, evaluation, or estimate of the cost in dollars attributable to the fraud, identity theft, or any other harm incurred by customers as a result of the Data Breach.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Wendy's objects to this Request to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees, which are outside of Wendy's possession, custody, or control. Wendy's also objects to this Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents responsive to this Request to the extent that they exist.

**REQUEST FOR PRODUCTION NO. 21:** *Documents regarding the cost associated with the provision of security or protection by Defendant to Customer Identifying Information and Payment Card Data.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Wendy's objects to this Request because it is vague and ambiguous, particularly the phrase "costs associated with the provision of security or protection." Wendy's also objects to this Request as overbroad and unduly burdensome because it purports to require Wendy's to produce *all* documents *regarding* the "cost associated with the provision of security or protection by Defendant to Customer Identifying Information and Payment Card Data." Wendy's objects to this Request to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees, which are outside of Wendy's possession, custody, or control. Moreover, Wendy's objects to the extent that this Request purports to require the production of documents protected by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's will produce non-privileged, non-objectionable documents responsive to this Request following the application of agreed upon search terms to a reasonable data set.

**REQUEST FOR PRODUCTION NO. 22:** *Documents regarding the portion of retail prices, if any, which accounts for the cost associated with the provision of security or protection by Defendant to Customer Identifying Information and Payment Card Data.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Wendy's objects to this Request to the extent it purports to require Wendy's to produce documents maintained by independently owned and operated franchisees, which are outside of Wendy's possession, custody, or control. Wendy's also objects to the phrase "portion of retail prices" as vague, ambiguous and unduly burdensome. Wendy's also objects on the ground that this Request purports to require Wendy's to create and then produce documents not maintained in the ordinary course of business. Wendy's also objects to the Request because it is drafted so broadly so as to encompass documents protected from disclosure by the attorney-client privilege and/or work product doctrine, which will be withheld.

Subject to and without waiving the foregoing objections, Wendy's states that it is unaware at present that any documents responsive to this Request exist.

Dated: October 11, 2016.

By: *Kristine McAlister Brown*
KRISTINE MCALISTER BROWN
Florida Bar Number 433640
CARI K. DAWSON
*Admitted Pro Hac Vice*
DONALD M. HOUSER
Georgia Bar Number 157238
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777
kristy.brown@alston.com
cari.dawson@alston.com
donald.houser@alston.com

16

DOMINIQUE R. SHELTON
*Admitted Pro Hac Vice*
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, California 90071-3004
Telephone: 213-576-1000
Facsimile: 213-576-1100
dominique.shelton@alston.com

Johanna W. Clark
Florida Bar Number 196400
CARLTON FIELDS JORDEN BURT, P.A.
450 S. Orange Ave., Suite 500
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@cfjblaw.com

*Attorneys for Wendy's International, LLC*

LEGAL02/36641692v3

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| JONATHAN TORRES, CHRISTINE JACKSON, DONALD JACKSON, ASHLEY MCCONNELL, ROXANNE GANT, GERALD THOMAS, and CORY BEADLES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WENDY'S INTERNATIONAL, LLC, <br><br> Defendant. | CASE NO.   6:16-cv-210-PGB-DAB |

## CERTIFICATE OF SERVICE

This is to certify that on October 11, 2016, a copy of the within and foregoing **DEFENDANT WENDY'S INTERNATIONAL LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** was served via email and by United States Mail, postage prepaid, on counsel of record Plaintiffs.

*s/ Donald M. Houser*
Donald M. Houser