**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHRISTINE JACKSON, ASHLEY
MCCONNELL and GERALD THOMAS,

        Plaintiffs,

v.                                                                                        Case No:  6:16-cv-210-Orl-40DCI

WENDY'S INTERNATIONAL, LLC,

        Defendant.
                                     /

## ORDER

      This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.

      Plaintiffs commenced this action against Wendy's International, LLC on February 8, 2016.  In the Second Amended Complaint filed on April 3, 2017, Plaintiffs asserted claims for breach of implied contract, negligence, violation of the Florida Deceptive and Unfair Trade Practices Act, violation of the New York Business Law, violation of the Tennessee Consumer Protection Act, violation of New Jersey Consumer Fraud Act, and violation of Texas Deceptive Trade Practice Act.

      The Parties, through their counsel, have entered into a Settlement Agreement following good faith, arm's-length negotiations and a mediation overseen by David Lichter and ensuing settlement negotiations between the Parties.  The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and

adequacy of the settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement (Doc. 138-1), including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiff's Motion for Preliminary Approval is granted as set forth herein.[1]

1. **Class Certification for Settlement Purposes Only.**

For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies a class in this matter defined as follows:

> All residents of the United States whose Personal Information was compromised as a result of the Security Incident.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Representative Plaintiffs are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Representative Plaintiffs and Lead Counsel and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiffs have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Representative Plaintiffs and Settlement Class Counsel.**

Plaintiffs Christine Jackson, Ashley McConnell, and Gerald Thomas are hereby provisionally designated and appointed as the Representative Plaintiffs. The Court provisionally finds that the Representative Plaintiffs are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Representative Plaintiffs.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as "Settlement Class Counsel" pursuant to Federal Rule of Civil Procedure 23(g): John A. Yanchunis from Morgan & Morgan Complex Litigation Group as Lead Counsel and Patrick A. Barthle of Morgan & Morgan Complex Litigation Group, Jean Sutton Martin of Law Office of Jean Sutton Martin PLLC, Ariana Tadler and Melissa Clark of Milberg Tadler Phillips Grossman LLP, John Emerson of Emerson Scott LLP, and Jeremy Glapion of Glapion Law Firm as Class Counsel.

3. **Preliminary Settlement Approval.**

Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

4. **Jurisdiction.**

The Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 332(d)(2), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

5. **<u>Final Approval Hearing</u>.**

A Final Approval Hearing shall be held on **February 25, 2019**, in Courtroom 4B of the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (c) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the motion of Class Counsel for an award of attorneys' fees and costs and expenses should be approved pursuant to Federal Rule of Civil Procedure 23(h); and (f) the motion of Representative Plaintiffs for Service Awards should be approved.

The Parties will cause to be filed with the Court their briefs in support of final approval, attorneys' fees, costs, and expenses, and incentive awards, including responses to any objections, no later than **fourteen (14) days** before the Final Approval Hearing. No later than **fourteen (14) days** before the Final Approval Hearing, Defendant shall file with the Court a certification that it complied with the CAFA Notice requirements and stating the date of such compliance.

6. **<u>Administration</u>.**

The Court appoints KCC Class Action Services, LLC as the Settlement Administrator, with responsibility for class notice and claims administration. Defendant shall pay all related costs and expenses associated with the Costs of Settlement Administration.

These payments to the Settlement Administrator shall be made separate and apart from the relief being made available to Settlement Class Members under the Settlement.

   7. **Notice to the Class.**

The proposed Notice Program set forth in the Settlement Agreement, and the Claim Form, Publication Notice, and Long Form Notice attached to the Settlement Agreement as Exhibits A, B, and C, respectively, satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and are hereby approved.  Non-material modifications to these Exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

By 30 days from the date of this Order, the Settlement Administrator shall initiate the Notice Program, which shall be completed in the manner set forth in the Settlement Agreement.

   8. **Findings and Conclusions Concerning Notice.**

The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and the Court concludes

that the notice program meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

9. **Class Action Fairness Act Notice.**

Defendant shall provide notice of the Settlement to the appropriate state or federal officials in accordance with the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715. No later than **fourteen (14) days** before the Final Approval Hearing, Defendant shall file with the Court a certification that it complied with the CAFA Notice requirements and stating the date of such compliance.

10. **Exclusion from Class.**

Any Settlement Class Member wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written opt out notice must clearly manifest a person's intent to be excluded from the Settlement Class. The written opt out notice must include the individual's name and address; a statement that he or she wants to be excluded from the Settlement Class; and the individual's signature. The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Class Counsel may move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing. To be effective, written opt out notice must be postmarked no later than **120 days** after the date of this Order.

All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any benefits of or be bound by the terms of this Settlement Agreement.  All persons falling within the definition of the Settlement Class who do not submit valid and timely notices of their intent to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Judgment entered thereon.

**12. Objections and Appearances.**

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the request for costs, expenses, service awards, and/or attorneys' fees.

Any Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection ("Objection").  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the final fairness hearing; (vi) a list of all persons who will be called to testify at the final fairness hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the final fairness hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); (ix) a list, by case name, court, and

docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than **120 days** from the date of this Order (the "Objection Deadline"), and served concurrently therewith upon Lead Counsel, John A. Yanchunis, Morgan & Morgan Complex Litigation Group, 201 N. Franklin Street, 7th Floor, Tampa, FL 33602; and counsel for Wendy's, Donald M. Houser, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, GA 30309.

Any Settlement Class Member who fails to timely file and serve a written objection and notice of his or her intent to appear at the Final Approval Hearing pursuant to the Settlement Agreement, as detailed in the Long-Form Notice, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means. Any objecting Settlement Class Member who appeals a grant of the final Judgment will be required to post an appeal bond.

Any Settlement Class Member who does not submit a timely objection in complete accordance with the Settlement Agreement and this Order shall not be treated as having

filed a valid objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

13. **Claims Process and Distribution and Allocation Plan.**

Representative Plaintiffs and Wendy's have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in Section II of the Settlement Agreement, and directs that the Settlement Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the notice and the Claim Form. If final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the final Judgment.

14. **Termination of Settlement.**

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the

Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15. **Use of Order.**

This Order shall be of no force or effect if final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Wendy's of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiffs or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

16. **Stay of Proceedings.**

Except as necessary to effectuate this Order, **all proceedings and deadlines in this matter are stayed** and suspended pending the Final Approval Hearing and issuance of the final Judgment, or until further order of this Court.

17. **Continuance of Hearing.**

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

18. **Summary of Deadlines.**

The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| | |
|---|---|
| **Notice Commences:** | 30 Days from the Preliminary Approval Date |
| **Opt-Out Deadline:** | 120 Days from the Preliminary Approval Date |
| **Objection Deadline:** | 120 Days from the Preliminary Approval Date |
| **Motion for Final Approval:** | 14 Days before the Final Approval Hearing |
| **Claims Deadline:** | 180 Days after Commencement of the Notice Program |
| **Motion for Service Awards, Attorneys' Fees and Costs:** | 14 Days before the Final Approval Hearing |
| **Responses to Objections:** | 14 Days before the Final Approval Hearing |
| **Final Approval Hearing:** | 180 Days after the Preliminary Approval Date |

**DONE AND ORDERED** in Orlando, Florida on August 23, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties