**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| CHRISTINE JACKSON, DONALD JACKSON, ASHLEY MCCONNELL, and GERALD THOMAS, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>WENDY'S INTERNATIONAL LLC,<br><br>   Defendant. | CASE NO.: 6:16-cv-210-Orl-40DAB<br><br>JURY TRIAL DEMANDED |

**FINAL APPROVAL ORDER AND JUDGMENT**

On August 23, 2018, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 146) of the settlement (the "Settlement Agreement") between Plaintiffs Christine Jackson, Ashley McConnell, and Gerald Thomas, ("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Defendant Wendy's International, LLC ("Wendy's"), as memorialized in Exhibit 1 (Doc. 138-1) to Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class;[1]

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing;

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

On February 26, 2019, the Court held a final approval hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the final approving hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Class Counsel, and the payment of Service Awards to the Representative Plaintiffs.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Wendy's, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties

faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4. This Court grants final approval of the Settlement Agreement, including but not limited to, the releases in the Settlement Agreement, including all Released Claims, and the plans for implementation and distribution of the settlement relief. The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by this Final Approval Order and Judgment, approving the Settlement Agreement.

5. The Parties shall effectuate the Settlement Agreement in accordance with its terms.

6. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## OBJECTIONS AND OPT-OUTS

7. No objections were filed by Settlement Class Members. Thus, all Settlement Class Members are deemed to have waived any objections to the Settlement Agreement by appeal, collateral attack, or otherwise.

## CLASS CERTIFICATION

8. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All residents of the United States whose Personal Information was compromised as a result of the Security Incident.

9. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

10. The Court grants final approval to the appointment of Plaintiffs Christine Jackson, Ashley McConnell, and Gerald Thomas as Class Representatives. The Court concludes that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

11. The Court grants final approval to the appointment of John A. Yanchunis as Lead Counsel and Patrick A. Barthle of Morgan & Morgan Complex Litigation Group, Jean Sutton Martin of Law Office of Jean Sutton Martin PLLC, Ariana Tadler and Melissa Clark of Milberg Tadler Phillips Grossman LLP, John Emerson of Emerson Scott LLP, and Jeremy Glapion of Glapion Law Firm as Class Counsel. The Court concludes that Lead Counsel and Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE CLASS

12. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right

to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

13. The Court finds that Wendy's has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

14. The Court has considered Class Counsel's Motion for Service Awards and for attorneys' fees and costs, and expenses. The Court awards Class Counsel the sum of $1,020,000.00 as an award of attorneys' fees and $139,166.73 as an award of costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and costs to be fair and reasonable.

15. The Court grants Class Counsel's request for Service Awards to the Class Representatives and awards $5,000 each to Plaintiffs Christine Jackson, Ashley McConnell, and Gerald Thomas. The Court finds that this payment is justified by their service to the Settlement Class. This payment shall be paid in accordance with the Settlement Agreement.

## OTHER PROVISIONS

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18. As of the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiffs and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member,

executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, personal representatives, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns, will be deemed to have completely, fully, finally, irrevocably, and forever released, relinquished, and discharged Wendy's International, LLC and the Released Persons from any and all claims, rights, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature, and character, known and unknown, including without limitation, negligence, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute or common law duty, any federal, state, or local statutory or regulatory claims, including, but not limited to, pursuant to consumer protection laws, unfair and deceptive trade practice laws, and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief, that any Releasing Persons (including but not limited to any Settlement Class Member) has, has asserted, could have asserted, or could assert against any of the Released Persons based on, relating to, concerning, or arising out of the Security Incident (including but not limited to the theft or compromise of Personal Information) or the allegations,

facts, or circumstances described in the Litigation and/or Complaint (the "Released Claims"), as provided for in the Settlement Agreement. In addition, upon the Effective Date, Plaintiff and each of the other Settlement Class Members shall be deemed to have waived (a) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

19. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses that arise out of or relate to the allegations or subject matter of the Litigation and/or Complaint.

20. Plaintiffs and all Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any Wendy's International, LLC and Released Persons or prosecuting any claim based on actions taken by any of the Released Persons that are authorized or required by the Settlement or by the Final Approval Order and Judgment. The Settlement Agreement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this Paragraph.

21. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Wendy's of

any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Wendy's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action. This Final Approval Order and Judgment, the Settlement Agreement, all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however*, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Wendy's or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforce the releases contained herein). The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Wendy's that Plaintiff's claims or any similar claims are suitable for class treatment.

22. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

23. The Court hereby dismisses the Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

24. Consistent with Paragraph 10.1 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no

force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement Agreement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

25. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

26. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

**DONE AND ORDERED** in Orlando, Florida on February 26, 2019.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties